J-S48022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY SERRANO-GOMEZ | |
| Appellant | No. 56 MDA 2014 |

Appeal from the Judgment of Sentence December 6, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002469-2012

BEFORE: DONOHUE, J., JENKINS, J., and PLATT, J.***

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 03, 2014**

Appellant Larry Serrano-Gomez ("appellant") appeals from the judgment of sentence of 2½-5 years' imprisonment imposed by the Honorable Dennis Reinaker for appellant's third violation of his parole and probation within a one year period. We affirm.

On November 8, 2012, appellant pled guilty to three counts at information number 2469-2012: one count of defiant trespass[1], one count of disorderly conduct[2] and one count of making, and repairing and/or selling offensive weapons[3]. The court sentenced appellant to time served to 12

_____

*** Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S. § 3503.
[2] 18 Pa.C.S. § 5503.
[3] 18 Pa.C.S. § 904.

months' imprisonment on the defiant trespass and disorderly conduct counts. The court sentenced appellant to time served to 23 months' imprisonment plus one year of probation on the offensive weapons charge. The court ordered the sentences on all three counts to run concurrently.

On the same date (November 8, 2012), appellant pled guilty at information number 2481-2012 to five counts: three counts of simple assault (second degree misdemeanor)[4], one count of drug paraphernalia[5] and one count of stalking[6]. On all counts except the drug paraphernalia count, the court sentenced appellant to concurrent terms of time served to 23 months' imprisonment plus one year of probation. On the drug paraphernalia count, the court sentenced appellant to one year of probation to run concurrently with the other counts. All sentences ran concurrently with the sentences imposed at number 2469-2012.

The aggregate sentence on both informations was time served to 23 months' imprisonment followed by one year's probation.

Appellant violated his parole by failing to attend scheduled appointments with his parole/probation officer on January 17, 2013, January 29, 2013, and February 6, 2013. Accordingly, on May 2, 2013, at information number 2469-2012, the Honorable Joseph Madenspacher

_____

[4] 18 Pa.C.S. § 2701.
[5] 35 P.S. § 780-113(32).
[6] 18 Pa.C.S. § 2709.1.

revoked but continued[7] appellant's parole on counts 1-3 of number 2469-2012. Judge Madenspacher left appellant's probation in count 3 of number 2469-2012 in place.

At information number 2481-2012, Judge Madenspacher revoked parole on counts 1-3 and 5 and sentenced appellant to the balance of his maximum sentence. Judge Madenspacher also revoked probation on count 4 of information number 2481-2012 and sentenced appellant to time served to 12 months' imprisonment. Judge Madenspacher left appellant's probation in counts 1-3 and 5 in place.

On June 28, 2013, appellant appeared before the Honorable David Ashworth due to failing a drug test for opiates on May 15, 2013. Judge Ashworth revoked parole on counts 1-3 of information number 2469-2012 and sentenced appellant to the balance of his maximum sentence, and he left appellant's probation in count 3 in place. Judge Ashworth revoked parole on counts 1-5 of information number 2481-2012 and sentenced

_____

[7] The record indicates that Judge Madenspacher "revoked" but simultaneously "continued" parole. The meaning of "continued" is unclear, since the only sentencing option available upon revocation of parole is recommitment to serve the balance of the initially imposed term of imprisonment. *Commonwealth v. Kalichak*, 943 A.2d 285, 290 (Pa.Super.2008). We assume that the juxtaposition of "revoked" and "continued" means that Judge Madenspacher revoked appellant's parole but then immediately reparoled him. Ultimately, our uncertainty about Judge Madenspacher's sentence does not affect the outcome of this appeal, since the only question before us in this appeal is whether Judge Reinaker's sentence imposed at a subsequent revocation hearing was manifestly excessive. *See* pp. 6-11, *infra*.

appellant to the balance of his maximum sentence, and he left appellant's probation in count 5 in place. Judge Ashworth's sentence at number 2481-2012 ran concurrently with his sentence at number 2469-2012[8].

On September 17 and 18, 2013, appellant engaged in threatening and assaultive behavior while in residential treatment at a drug rehabilitation clinic (Nuestra Clinica), which he was attending as a condition of his sentence at the above informations. Due to these incidents, the clinic discharged appellant from further treatment.

On October 31, 2013, appellant appeared at a revocation hearing before the Honorable Dennis Reinaker. Judge Reinaker continued the proceedings pending a pre-sentence investigation.

On December 6, 2013, Mr. Caldero, an employee at the clinic, testified that on September 16, 2013, appellant made intimidating comments to other participants in the program. N.T., !2/6/13, p. 5. Mr. Caldero testified that on September 17, 2013, appellant threatened a 63 year old participant and took the television remote control from him. *Id*., pp. 6-7. A younger participant came to the older participant's defense, and appellant began a

_____

[8] Although Judge Ashworth revoked appellant's parole, we infer from the record that Judge Ashworth permitted appellant to return to the street instead of recommitting appellant to prison. We make this inference because just 2 ½ months after appearing before Judge Ashworth, appellant committed the violation discussed below that resulted in his revocation hearing before Judge Reinaker on December 6, 2013 and the sentence presently before us for review.

physical altercation with the younger participant and ripped a towel bar from the bathroom wall to use against him. *Id*., pp. 8-12. On September 18, 2013, appellant returned to Nuestra Clinica to retrieve his belongings after learning that he was discharged unsuccessfully from the program. *Id.,* pp. 9-10. Inside the office, he became aggressive towards Mr. Caldero and then toward another counselor. Appellant was told to leave, and when he refused, the police came, but he continued to act aggressively in police presence. *Id*., pp. 10-11.

Judge Reinaker sentenced appellant as follows:

> On information 2481[-]2012, [appellant's] parole is revoked, and he is sentenced to the unexpired balance on Counts 1, 2, 3, 4 and 5. [Appellant] will be paroled effective immediately without petition on that information.
>
> On information 2469[-]2012, on Counts 1 and 2, [appellant's] parole is also revoked, and he is sentenced to the unexpired balance. Again, he will be paroled effective immediately without petition on Counts 1 and 2. With regard to Count 3, [appellant's] parole and consecutive probation are revoked. He is sentenced to a period of incarceration of not less than 2 ½ nor more than 5 years. He is to be given credit for any time served that he has served to date with regard to this violation. The sentence on Count 3 of information 2469[-]2012 begins today.

*Id*., p. 20.

On December 13, 2013, appellant filed a timely motion to modify sentence. The court never ruled on his motion to modify. On January 3,

2014, he filed a timely notice of appeal[9]. Both appellant and the trial court complied with Pa.R.A.P. 1925.

The lone issue raised in this appeal is whether Judge Reinaker abused his discretion by imposing a sentence of 2½-5 years' imprisonment, a term appellant assails as "manifestly excessive". Appellant raises a discretionary challenge to his sentence. "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super.2011) (citing ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa.Super.2000)). An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretion aspects of a sentence:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Allen***, 24 A.3d at 1064.

Appellant filed a timely notice of appeal, preserved the issue in post-sentence motions, and included a statement of reasons pursuant to Rule

_____

[9] A motion to modify a sentence imposed after revocation of probation does not toll the 30 day appeal period. Pa.R.Crim.P. 708(D). Thus, although appellant's motion to modify sentence remained pending at the time of his appeal, his appeal was still timely.

2119(f) in his brief. We must therefore determine whether his issue raises a substantial question.

"The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa.Super.2011) (quoting ***Commonwealth v. Fiascki***, 886 A.2d 261, 263 (Pa.Super.2005)). A substantial question exists where a defendant raises a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process. ***Id.*** (quoting ***Commonwealth v. Titus***, 816 A.2d 251, 255 (Pa.Super.2003)).

Appellant argues his sentence is contrary to the fundamental norms of sentencing practice because he merely committed "technical violations" of probation. Appellant writes:

> Defendant was discharged from a drug and alcohol treatment facility for fighting with another resident. No criminal charges were filed. Defendant claimed to be the victim of retaliation. Defendant received a cut requiring hospital treatment. The other resident was not injured. The court's sentence exceeded by far the recommendation of the probation department, which was 6 months.

Brief for Appellant, p. 14. Since Judge Reinaker imposed the maximum term of imprisonment (2½-5 years) for technical violations of probation, we agree that appellant raises a substantial question. ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa.Super. 2000) ("the imposition of Sierra's sentence of total confinement, at the statutory maximum for her underlying offense,

following revocation of probation for a technical parole/probation violation - and not for a new criminal offense - is, on its face, so disproportionate as to implicate the fundamental norms which underlie the sentencing process") (internal citations omitted).

But although appellant raises a substantial question, Judge Reinaker acted within his discretion by imposing a term of 2½-5 years of imprisonment. "Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super.2010) (citing *Commonwealth v. Johnson*, 967 A.2d 1001 (Pa.Super.2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citing *Commonwealth v. Walls*, 926 A.2d 957 (Pa.2007)).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1283 (citing *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super.2006)). Further, "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations." *Commonwealth v. Ventura*, 975

A.2d 1128, 1134 (Pa.Super.2009) (citing **Commonwealth v. Devers**, 519

Pa. 88, 101–102, 546 A.2d 12, 18–19 (1988)).

Judge Reinaker cogently explained the basis for appellant's sentence in

his Rule 1925(a) opinion:

> After violating his probation on April 3, 2013[,] [appellant] was directed to complete a mental health evaluation and complete any treatment deemed necessary as one condition of sentence. On September 17th and 18th of 2013, [appellant] was found to be in violation of his probation based upon two incidents which resulted in him being discharged from Nuestra Clinica's residential treatment facility. The basis for the discharge was assaultive and threatening behavior. . .There were no criminal charges filed as a result of this discharge. As of October 13, 2013 (the date of the Probation Violation Hearing), [appellant] committed three probation violations in total. . .A pre-sentence investigation report was ordered and sentencing took place on December 6, 2013.
>
> Prior to sentencing the Court considered, in detail, the pre-sentence report as well as the sentencing guidelines and penalties authorized. At sentencing, the Court listened to both the comments of [appellant] and the arguments of counsel...After listening to defense counsel's arguments, the Court was made aware of and took into consideration numerous factors including [appellant]'s familial background and mental health issues. . .Further, defense counsel provided the Court with information pertaining to [appellant]'s parental responsibilities...The Court properly considered all of the above factors and fashioned an individualized sentence appropriate for [appellant]. As such, the total confinement sentence in this case was imposed following the commission of three probation violations within a six month period. This sentence was necessary to vindicate the Court's authority and

> is essential to prevent [appellant] from offending
> again.

Trial Court Opinion, pp. 3-4 (citations omitted). Since appellant committed three violations of parole and probation within a short time period, and since Judge Reinaker reviewed his pre-sentence report and held a comprehensive revocation hearing before imposing sentence, we find that Judge Reinaker acted within his discretion in sentencing appellant.

One technical detail deserves mention. Normally, the only sentencing option available upon revocation of parole is recommitment to serve the balance of the initially-imposed term of incarceration. *Kalichak*, *supra*, 943 A.2d at 290. However, a court may revoke both a defendant's parole and probation at the same time, even before the defendant has begun to serve the probationary period of the sentence. *See Commonwealth v. Ware*, 737 A.2d 251, 253-254 (Pa.Super.1999). When resentencing a defendant in such a situation, like a straight probation violation resentencing, the court has the same sentencing options that existed at the time of the original sentencing. *Id.*, 737 A.2d at 254. As a matter of form, it might have been more appropriate for Judge Reinaker to (1) revoke appellant's parole, (2) impose full back time thereon, (3) revoke appellant's probation, and finally (4) resentence him to a new term of imprisonment which, when combined with the parole back time, equaled 2 ½ - 5 years of imprisonment. *Id*. Nevertheless, we see no need to remand for resentencing along these lines,

because Judge Reinaker's intent in sentencing is clear, the sentence is within statutory limits, and appellant received credit for all time served.

Judgment of sentence affirmed.

Judge Donohue joins in the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/2014