J-S63026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HEATHER MARIE SHOLLENBERGER | |
| Appellant | No. 523 MDA 2014 |

Appeal from the Judgment of Sentence February 20, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001573-2009

BEFORE: BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.          **FILED NOVEMBER 19, 2014**

Appellant, Heather Marie Shollenberger, appeals from the judgment of sentence entered by the Honorable Nancy L. Butts, Court of Common Pleas of Lycoming County. After careful review, we affirm.

As we write primarily for the parties, a detailed factual and procedural history is unnecessary. In 2009, Shollenberger was sentenced to 24 months of intermediate punishment for theft by unlawful taking. Her probation was revoked in 2010, and she was re-sentenced to two years of probation, specially supervised by the Pennsylvania Board of Probation and Parole, to be served consecutively to another sentence being supervised by the Board.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On November 22, 2013, Shollenberger failed to appear at a scheduled meeting with her probation officer and refused to give her location. A bench warrant was issued, and Shollenberger was arrested on January 18, 2014. After a probation violation hearing, her probation was revoked, and the trial court sentenced her to a term of imprisonment of one to two years, with an additional two years' probation. After post sentence motions were denied, Shollenberger filed this timely appeal.

On appeal, Shollenberger only raises a challenge to the sentence imposed, arguing that the trial court imposed an excessive sentence that failed to take into consideration her familial circumstances and rehabilitative needs. Shollenberger concedes that this is a challenge to the discretionary aspects of her sentence. **See** Appellant's Brief, at 8.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." **McAfee**, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the

discretionary aspects of a sentence." ***Id***. "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Id***. That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Tirado***, 870 A.2d at 365. We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists.[1] ***See id***. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***.

In the present case, Shollenberger's appellate brief contains the requisite 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of a sentence. Shollenberger contends that her sentence was manifestly excessive and that the trial court imposed sentence without "taking into consideration

---

[1] Rule 2119 provides the following, in pertinent part:

…

**(f) Discretionary aspects of sentence**. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P., Rule 2119(f), 42 PA.CONS.STAT.ANN.

[Shollenberger's] familial circumstances, as well as the need for treatment for her addiction." Appellant's Brief, at 7. "[T]his Court has held that an excessive sentence claim – in conjunction with an assertion that the trial court failed to consider mitigating factors – raises a substantial question." **Commonwealth v. Samuel**, ___ A.3d ___. ___, 2014 WL 5305816, *4 (Pa. Super. 2014, October 17, 2014).

Our scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation. **Commonwealth v. Infante,** 585 Pa. 408, 419, 888 A.2d 783, 790 (2005). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. Ahmad**, 961 A.2d 884, 888 (Pa. Super. 2008) (citation omitted). Upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. **See Commonwealth v. Coolbaugh,** 770 A.2d 788, 792 (Pa. Super. 2001). However, a re-sentence may not exceed the statutory limits of the sentence, including allowable deductions for time served. **See id**.

Although Shollenberger argues that the sentence imposed by the lower court following revocation was excessive, she notably does not argue that

the sentence imposed by the court was beyond the statutory maximum, nor does the record support such an assertion. It is well settled that the sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations. **See Commonwealth v. Ware,** 737 A.2d 251, 255 (Pa. Super. 1999).[2] Here, the lower court did not exceed the statutory maximum when it resentenced Shollenberger to one to two years' imprisonment for theft following the revocation of her probation. Given that Shollenberger had been given the opportunity to avoid imprisonment for this crime twice before, the trial court's sentence is reasonable.

We further note that the record belies Shollenberger's assertion that the sentencing court failed to consider her rehabilitative needs. The trial court repeatedly acknowledged Shollenberger's substance abuse problems. **See** N.T., Sentencing, 2/20/14, at 6; Sentencing Order, 2/20/14, at 1. Thus, we conclude that Shollenberger's sole issue on appeal merits no relief.

_____

[2] 204 PA.Code § 303.1(b) provides: "The sentencing guidelines do not apply to sentences imposed as a result of the following: . . . revocation of probation, intermediate punishment or parole."

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2014