J-S10018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALPHONSO WHITEHEAD | |
| Appellant | No. 1271 EDA 2014 |

Appeal from the Judgment of Sentence entered February 23, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0013377-2009

BEFORE: GANTMAN, P.J., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                      **FILED APRIL 13, 2015**

Appellant, Alphonso Whitehead, appeals from the February 23, 2011 judgment of sentence imposing 24 to 54 months of incarceration followed by 24 months of probation following Appellant's violation of probation. We affirm.

In 1989, Appellant was convicted of two counts of involuntary deviate sexual intercourse ("IDSI").[1] On June 2, 2010, Appellant pled guilty to failing to verify his address with police pursuant to then-effective 18 Pa.C.S.A. § 4915. On that date, the trial court sentenced Appellant to 11 to 23 months of incarceration followed by seven years of probation. Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3123.

was paroled on June 10, 2010. At a June 15, 2010 office meeting with his parole officer, Appellant tested positive for cocaine. Appellant missed a scheduled visit on August 26, 2010. On September 10, 2010, Appellant attended an office visit and once again tested positive for cocaine. Appellant missed a scheduled visit on October 14, 2010.[2]

On January 5, 2011, the trial court conducted a violation hearing and revoked Appellant's probation based on Appellant's failure to report to his probation officer and two positive drug tests. On February 23, 2011, the trial court imposed the sentence on appeal. On March 11, 2011, Appellant filed an untimely motion for reconsideration. In its opinion, the trial court states it denied this motion. Trial Court Opinion, 6/23/14, at 2. The certified record and docket contain no evidence of any trial court action on the untimely motion. Appellant did not file a timely appeal. On April 4, 2014, the PCRA[3] court issued an order permitting Appellant to file a direct appeal *nunc pro tunc*. Appellant filed this timely *nunc pro tunc* appeal on April 24, 2014. He argues the trial court erred in revoking his probation and

---

[2] Appellant also was arrested once again for failing to register his address to police when Appellant's girlfriend reported to police that he no longer lived at the address they had on file for him. The charges were dropped after a preliminary hearing, and we do not rely on this additional arrest in our analysis.

[3] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.

- 2 -

that the court abused its discretion in imposing a harsh and excessive sentence. Appellant's Brief at 8. We will address these issues in turn.

Appellant first argues the Commonwealth produced insufficient evidence justify revocation of his probation. We review that argument as follows:

> A challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.
>
> Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation. **[T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct.** Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated[.] A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.

***Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa. Super. 2014) (emphasis added), *appeal denied*, ___ A.3d ___; 2015 Pa. LEXIS 309 (February 11, 2015).

Appellant argues the trial court erred in revoking his probation based on technical parole violations rather than the commission of a new offense. In addition, Appellant argues the trial court acted prematurely in revoking Appellant's probation before the probation sentence commenced. Finally, Appellant argues the trial court offered an insufficient factual basis upon which to conclude Appellant was not amenable to rehabilitation. These arguments lack any basis in law or fact.

The bolded portion of the quote from this Court's opinion in **Colon** provides that commission of a new criminal offense is not a prerequisite to revocation of probation. **Colon**, 102 A.3d at 1041. Furthermore, we have held:

> If, at any time before the defendant has completed the maximum period of probation, **or before he has begun service of his probation**, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right."

**Commonwealth v. Ware**, 737 A.2d 251, 253-254 (Pa. Super. 1999) (emphasis in original) (quoting **Burns v. United States**, 287 U.S. 216, 222 (1932)), *appeal denied*, 747 A.2d 900 (Pa. 1999). Thus, the trial court had authority to revoke Appellant's probation sentence prior to its commencement.

Turning to the facts, the record confirms Appellant's continued drug abuse and his failure to report to several scheduled visits with his parole officer. N.T., 1/5/11, at 5-8. Appellant has received probation sentences on several prior offenses and has never successfully completed any of them because he repeatedly fails to report to scheduled visits. *Id.* at 8. For these reasons, the trial court acted within its discretion in finding Appellant's conduct indicates probation has been an ineffective vehicle of rehabilitation. *Colon*, 102 A.3d at 1041.

Next, Appellant argues the trial court abused its sentencing discretion by imposing an excessively harsh sentence. To preserve a challenge to the trial court's sentencing discretion, an appellant must file a timely notice of appeal, preserve the issue in a timely post-sentence motion, include a Pa.R.A.P. 2119(f) statement in the appellate brief, and present a substantial question for our review. *Colon*, 102 A.3d at 1042-43. Instantly, Appellant filed a timely *nunc pro tunc* appeal within thirty days of the PCRA court's order granting that relief. As noted above, the certified record fails to reflect any trial court action on the untimely motion for reconsideration of his sentence. The *Colon* Court noted that an untimely motion for modification of a sentence will preserve the issue for review where the trial court acts on the motion within thirty days. *Id.* at 1043 n.2. In this case, the record does not confirm the trial court's assertion that it acted on Appellant's motion, and *Colon* therefore does not apply.

In ***Commonwealth v. Liston***, 977 A.2d 1089 (Pa. 2009), our Supreme Court held that an order permitting a *nunc pro tunc* direct appeal does not automatically permit a *nunc pro tunc* post-sentence motion. ***Id.*** at 1093-94. The ***Liston*** Court disapproved that course of action because it could award certain litigants the right to pursue collateral claims on direct appeal. ***Id.*** Here, Appellant does not assert a collateral attack on his judgment of sentence. Nonetheless, the holding in ***Liston*** applies with equal force. The ***Liston*** Court explained that the failure to file a post-sentence motion is not among the few circumstances where courts will presume prejudice from counsel's ineffectiveness. ***Id.*** at 1092 n.7 (citing ***Commonwealth v. Reaves***, 923 A.2d 1119, 1125 (Pa. 2007)). Appellant therefore needed to plead and prove to the PCRA court that counsel was ineffective for failing to file a timely post-sentence motion before the PCRA court could award him the right to file a *nunc pro tunc* post-sentence motion. Appellant did not do so. Appellant therefore has not properly preserved his sentencing argument for review in this *nunc pro tunc* appeal.

Assuming *arguendo* Appellant's sentencing challenge is reviewable in this appeal, and that the trial court's order addressing Appellant's post-sentence motion was inadvertently omitted from the record, we would find Appellant's argument lacking in merit. In his Pa.R.A.P. 2119(f) statement, Appellant asserts the trial court abused its discretion in imposing a manifestly excessive sentence that fails to account for the protection of the

public, the gravity of the offense, and Appellant's rehabilitative needs, in accord with 42 Pa.C.S.A. § 9721(b). Specifically, Appellant argues the sentence is excessive in light of Appellant's technical probation violations. Appellant's assertions raise a substantial question appropriate for appellate review. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa. Super. 2006) (finding a substantial question where the appellant argued the trial court imposed an excessive sentence for technical probation violations).

The following standard governs our review of the merits.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

***Colon***, 102 A.3d at 1043-44.

Section 9771(c) of the Sentencing Code permits a sentence of total confinement after revocation of probation where the defendant has been convicted of a new crime; where his conduct indicates likelihood that he will

commit another crime; or to vindicate the authority of the court. Appellant mentions § 9771(c) in passing but does not develop any argument concerning its application. Appellant's Brief at 19. In any event, Appellant's multiple criminal history and repeated violations of probation evince a likelihood of future offense and a need to vindicate the authority of the trial court.

Appellant argues his occasional homelessness combined with his drug addiction pose substantial obstacles to his compliance with probation. Thus, he believes the trial court failed to account for his rehabilitative needs under § 9771(c). He also argues the trial court failed to offer an on the record explanation of its sentence.

At sentencing, the trial court noted its familiarity with what it deemed an "exhaustive" pre-sentence investigation report. N.T., 2/23/11, at 9. The trial court also noted Appellant's criminal history, including forgery and theft of a motor vehicle in addition to the IDSI convictions. *Id.* at 13. The trial court also noted Appellant's refusal to accept that he is required, as a sexual offender, to register his address with police. *Id.* at 9-10, 13. The trial court recommended Appellant for treatment for his cocaine abuse. *Id.* at 15. The trial court encouraged Appellant to take advantage of the vocational training offered in prison. *Id.* at 15. The court summarized its thought process as follows:

> [W]hat I'm doing is balancing the need to protect society from people who have convictions like [IDSI] against

[Appellant's] rehabilitative needs and I think I framed the appropriate sentence. It's not a maximum sentence, but I think it's a sentence that will strike the right balance between [Appellant] being put on the right path and society being protected in the meantime.

*Id.* at 17.

In summary, the sentencing transcript plainly reflects the trial court's efforts to apply § 9721(b), with particular attention to Appellant's rehabilitative needs. The Court reasoned Appellant will have opportunities for rehabilitation while incarcerated without posing a risk to society in the meantime. Given Appellant's history of repeatedly failing to comply with the conditions of his probation, we believe the trial court acted well within its discretion in imposing sentence.

Since neither of Appellant's assertions of error warrants relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2015