J-S39006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS GEHAN, | |
| Appellant | No. 78 EDA 2014 |

Appeal from the Judgment of Sentence November 21, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0403911-2005

BEFORE:  BOWES, OTT AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 23, 2015**

Thomas Gehan appeals from the judgment of sentence of six to twelve years imprisonment that was imposed after he was found to be in direct violation of the terms of his probation.  We affirm.

On March 4, 2005, Appellant was charged with attempted murder, aggravated assault, possession of an instrument of crime, terroristic threats, simple assault, reckless endangerment, and two violations of the Uniform Firearms Act.  On April 27, 2006, he entered an open guilty plea to aggravated assault, carrying an unlicensed firearm, and possession of an instrument of crime, and the remaining charges were dismissed.

Since the April 27, 2006 plea proceeding was not transcribed, we have gleaned the facts of the criminal episode from the criminal complaint, which

does not name either the victim or any of the witnesses. On March 2, 2005, Appellant shot the victim in the face with a shotgun while she was in Appellant's home at 2527 East Gordon Street, Philadelphia. The victim was hospitalized in serious condition after the shooting. A witness sleeping in the next room heard the shot and then saw Appellant in the room with the victim, who was lying on the ground and bleeding from the face. A neighbor heard the shot, went outside, and saw Appellant flee the residence and place a shotgun in a nearby vacant house.

Philadelphia police responded and observed the victim lying on the floor with a gunshot wound to the left side of her face. They recovered the shotgun after being shown its location by the neighbor. Appellant was arrested and advised of his rights. He claimed that he accidently shot the victim.

After entry of his plea, Appellant was sentenced to five years and three months to fifteen years and six months incarceration with a concurrent term of twelve years probation. While released from prison on parole, Appellant was charged with two offenses. The cases were consolidated and on March 25, 2013, Appellant pled guilty to two counts of terroristic threats and one count of simple assault. The facts of those crimes were as follows. Appellant twice called the female victim, his former girlfriend who was then pregnant. The first time, Appellant "stated he was going to shoot everybody in the complainant's house[.]" N.T. VOP, 11/21/13, at 17. He also told the

victim "he was going to come and kill her any way he could think of with a knife or a gun, and then he would shoot any witnesses and the witness's grandson." *Id*. at 17-18.

Based upon these direct violations, Appellant's probation was revoked on August 26, 2013. A pre-sentence investigation report was prepared, and Appellant was sentenced on November 21, 2013. The sentencing court took into account that Appellant had committed a direct violation and the nature of Appellant's threats to the victim in the other matter.

The court also examined the facts of the crime in this case. Appellant insisted that he accidently shot the victim herein. The court recalled that the shooting was not accidental. It stated, "I remember exactly. He shot through a door. He, basically, disfigured his girlfriend. It wasn't an accident." *Id*. at 10. After Appellant repeated that the shooting was accidental, the court again rejected that contention. It recalled that the victim appeared at sentencing and reported that Appellant was "banging on the door trying to get in" and that Appellant shot "her through the door" while knowing that she was on the other side. *Id*. at 10-11.

Appellant, for a third time, represented that the shooting herein was not intentional. In support of this position, he read a letter from the victim that he contended supported his characterization of the shooting. That document was read into the record, and it decidedly did not indicate that the shooting was an accident. The victim stated in the letter that she was

unable to recall the incident. She said that she had tried to remember "something that happened that changed my life. I can just remember waking upon in the hospital[.]" *Id*. at 14. She did state that she recalled the following: "I just remember [Appellant] with the gun in front of me and a flash of light, then the silence." *Id*. at 14. The letter also established that the shooting had a significant impact on the victim, who was disfigured, had difficulty remembering events from her past, and experienced pain from her injuries.

The court uncovered notes from the previous sentencing, and they were consistent with the complainant's letter. The court said that it wrote down, "Complainant can't recall the shooting. However, this came after a fight." *Id.* at 19. Those notations also established that the victim spent twenty-three days in the hospital and was permanently disfigured.

As noted, the sentencing court had the benefit of a presentence report. Appellant had two juvenile arrests, one adjudication of delinquency, and one commitment based upon charges of theft and conspiracy. As an adult, Appellant was found guilty of possession an instrument of crime and criminal mischief.

Appellant was sentenced to six to twelve years incarceration herein. This sentence was imposed due to the nature of this crime, the facts of the crimes that constituted the VOP, and Appellant's decision to reoffend despite completing rehabilitation programs in prison. The court concluded that this

term was required because the facts at its disposal established that Appellant remained a danger to society. Appellant filed a motion for reconsideration, and this timely appeal. Appellant raises this contention:

> Was the lower court's imposition of six to twelve years of incarceration for a first violation of probation an abuse of discretion, manifestly excessive, and a violation of the sentencing code as it far surpassed what is required to protect the public, was well beyond what is necessary to foster appellant's rehabilitation, failed to properly consider the sentencing factors, and failed to place the reasons for such sentence on the record as required by Pennsylvania Rule of Criminal Procedure 702?

Appellant's brief at 3.

In an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1033 (Pa.Super. 2013) (*en banc*). Appellant's challenges relate to the discretionary aspects of his sentence, and were preserved in his motion for reconsideration and Pa.R.A.P. 1925(b) statement.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The

- 5 -

determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa.Super. 2014) (citations omitted).

As required by Pa.R.A.P. 2119(f), Appellant's brief contains a separate statement of the reasons relied upon for the appeal. He avers that his sentence was excessive and the court did not weigh the likelihood of his reoffending or his rehabilitative needs. "This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Samuel*, 102 A.3d 1001, 1007 (Pa.Super. 2014) (citation omitted). Hence, we grant allowance of appeal from the discretionary aspects of the sentence imposed herein.

We consider this matter in the context of our standard of review:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043, (Pa.Super. 2014) (citation omitted).

Appellant complains that the trial court "failed to consider all the factors under 42 Pa.C.S. § 9721(b)." Appellant's brief at 18. When the sentencing court possesses and considers a presentence report, as in the present case, we are required by our Supreme Court's decision in **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988), to presume that the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **See also Commonwealth v. Griffin**, 65 A.3d 932 (Pa.Super. 2013). Additionally, contrary to Appellant's position, the court **expressly** weighed his rehabilitative needs. It noted that Appellant completed programs in prison but then did not modify his behavior. N.T. VOP, 11/21/13, at 27. It therefore concluded that Appellant had "very little chance of being rehabilitated" and was a "danger to society[.]" **Id**. Thus, this position merits no relief.

Appellant also suggests a sentence of six to twelve years confinement, which he must serve after he is finished with his parole violation sentence, was "disproportionate to the violation." Appellant's brief at 18. He notes that the crimes that he committed that resulted in the revocation of his probation were misdemeanors and that the court in the other case concluded that "only a minimal period of incarceration was appropriate[.]" **Id**. at 17.

Initially, we note that a court is empowered to impose a jail term once a defendant violates his probation by committing another crime. 42 Pa.C.S.

§ 9771(c)(1) (total confinement can be imposed after a defendant's probation is revoked if . . . the defendant has been convicted of another crime[.]").  Whether the crime is a felony or "only" a misdemeanor is immaterial.  Moreover, we are unaware of any authority that prohibits the VOP court from imposing a lengthy sentence due to the term of imprisonment imposed by the court in the case that constituted the direct violation.

This sentencing court concluded that a long jail term was warranted due to the similarities in this case and the one involving terroristic threats.  In the other matter, Appellant threatened to kill his ex-girlfriend, who was pregnant, by any means possible, including a gun.  Appellant also said he would kill the victim's relatives and any witnesses to the murder.  In this action, Appellant had an argument with the victim and then shot her.  The court correctly observed that Appellant displayed a pattern of behavior that supported that he represented a threat to society and needed a lengthy period of incarceration.  Given his behavior in this case, the terroristic threats that Appellant made in the other criminal action cannot be viewed as minor transgressions.  We perceive of no abuse of discretion in the court's decision to sentence Appellant to the maximum permissible VOP sentence.

Appellant also launches an assault on his sentence as excessive and an abuse of discretion by relying upon a series of cases involving sentences that were not VOP sentences and instead, were sentences involving an

application of the sentencing guidelines. It is settled that, "The sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocation, accelerated rehabilitative disposition, disposition in lieu of trial, direct or indirect contempt of court, nor violations of protection from abuse orders." 204 Pa.Code § 303.1(b); *see also Commonwealth v. Coolbaugh*, 770 A.2d 788 (Pa.Super. 2001); *Commonwealth v. Ware*, 737 A.2d 251 (Pa.Super. 1999).

Instead, "upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. Normally, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa.Super. 2013) (citations omitted); *accord Commonwealth v. Colon*, 102 A.3d 1033 (Pa.Super. 2014). The sentencing court herein did not exceed, as Appellant acknowledges, the maximum sentence that it could have imposed at the time of the original sentencing. Hence, we reject the assertion that the sentence was an abuse of discretion and manifestly excessive.

Finally, we note that Appellant does not advance, in the body of his brief, his position that the court did not proffer a statement of the reasons for the sentence imposed during the sentencing proceeding. Indeed, our

review confirms that the sentencing court articulated sound reasons for the sentence in question.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015