COMMONWEALTH of Pennsylvania,
Appellee,

v.

Doris Renee WARE, Appellant.

Superior Court of Pennsylvania.

Submitted March 16, 1999.

Filed July 9, 1999.

Gerald A. Lord, York, for appellant.

Kenneth K. Brown, II, Asst. Dist. Atty., Lancaster, for Com., appellee.

Before CAVANAUGH, HUDOCK and HESTER, JJ.

CAVANAUGH, J.:

¶1 In this appeal we must determine whether the sentence imposed by the court upon revocation of appellant's parole and probation is illegal.[1] We affirm.

¶2 The facts, as gleaned from the record, reveal that on May 16, 1997, while incarcerated in York County prison on an unrelated conviction, appellant, Doris Ware, entered a negotiated plea of guilty to a retail theft charge, graded as a third degree felony, in the Court of Common Pleas of Lancaster County for her June 20, 1996, retail theft of a six-pack of Old Milwaukee beer.[2] Pursuant to the negotiated plea agreement, the court sentenced Ms. Ware to "eight to twenty-three months in Lancaster County Prison, to be followed as a split sentence with two years of consecutive probation...." The court gave Ms. Ware credit for 272 days (approximately nine months) served. Thus, on May 27, 1997, eleven days after sentence was imposed, Ms. Ware was paroled as she had served the minimum term of her sentence of incarceration.[3]

¶3 Approximately six weeks later, on July 13, 1997, Ms. Ware committed a retail theft in York County to which she subsequently entered a plea of guilty and was sentenced to serve a term of imprisonment of from nine to twenty-three months by the York County court. On September 11, 1997, the Lancaster County Office of Adult Probation and Parole filed a capias alleging Ms. Ware violated a condition of her probation and parole to the prior Lancaster County sentence. A probation and parole violation hearing was conducted on February 20, 1998, wherein it was established that Ms. Ware's parole was to expire on July 17, 1998. Ms Ware did not contest the offense which formed the basis of the parole and probation violation. At the conclusion of the hearing, the court revoked Ms. Ware's parole and probation. A presentence report was ordered and on June 26, 1998, the court sentenced Ms. Ware to "three-and-a-half to seven years in the state system ... consecutive to any sentence you're currently serving."

¶4 Ms. Ware filed a petition for reconsideration of sentence which was granted and by order dated July 7, 1998, her sentence was modified downward. She was given credit for 283 days served. The court's order provided, "[t]he Defendant's sentence is modified from 3½ years to 7 years to 32½ months to 74½ months. The sentence remains consecutive to any sentence being served as of June 26, 1998."

¶5 Ms. Ware now appeals therefrom and raises two issues for our review:

I. WHETHER THE SENTENCE IMPOSED BY THE LOWER COURT IS ILLEGAL?

II. WHETHER THE LOWER COURT MANIFESTLY ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT TO 32½ TO 74½ MONTHS IMPRISONMENT?

¶6 In support of her first issue on appeal, Ms. Ware correctly argues, *inter*

---

1. Appellant characterizes the instant matter as an appeal from the order which granted her petition for reconsideration of sentence, claiming that the resultant modified sentence which reduced the term of incarceration initially imposed is, nonetheless, illegal. Her challenge, however, is more properly seen as from the order entered by the Lancaster County Court of Common Pleas, revoking her probation and parole and imposing a term of total confinement.

2. The record reveals that Ms. Ware has been identified under thirty-one aliases, twenty-two social security numbers and eighteen dates of birth over the course of the past twenty-three years. At the time of sentencing in the instant matter, her prior criminal convictions included "three criminal conspiracies, two thefts, four receiving stolen properties, two violations of the Controlled Substance Act, one shoplifting, twelve retail thefts, one larceny, two grand larcenies, one petty larceny, one bail jumping, three possession of stolen properties, one possession of a hypodermic instrument and two probation or parole violations."

3. It appears that Ms. Ware's parole in the instant matter coincided with her parole in the unrelated York County matter.

*alia,* that upon revocation of parole, the only sentencing option available is recommitment to serve the balance of the term initially imposed. *Commonwealth v. Fair,* 345 Pa.Super. 61, 497 A.2d 643 (1985). This court has previously held:

> Clearly, the order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. *See Commonwealth v. Carter,* 336 Pa.Super. 275, 281 n. 2, 485 A.2d 802, 805 n. 2 (1984). Moreover, such a recommittal is just that – a recommittal and not a sentence. *Abraham v. Dept. of Corrections,* 150 Pa.Cmwlth. 81, 97, 615 A.2d 814, 822 (1992). Further, at a "Violation of Parole" hearing, the court is not free to give a new sentence. The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is "to recommit to jail. . . ." *See Commonwealth v. Fair,* 345 Pa.Super. 61, 64, 497 A.2d 643, 645 (1985) *citing* 61 P.S. § 314. There is no authority for giving a new sentence with a minimum and maximum. *Id.* at 61, 497 A.2d at 645.

*Commonwealth v. Mitchell,* 429 Pa.Super. 435, 632 A.2d 934, 936 (1993).

¶ 7 However, it is clear the instant matter involved not merely revocation of parole. Here, appellant's probation was also revoked.

■ ¶ 8 We initially note that the court had the authority to revoke appellant's probation despite the fact that, at the time of revocation of probation, appellant had not yet begun to serve the proba-tionary portion of her split sentence and even though the offense upon which revocation of probation was based occurred during the parole period and not the probationary period.

¶ 9 In *Commonwealth v. Dickens,* 327 Pa.Super. 147, 475 A.2d 141 (1984), on direct appeal from an order revoking his parole and probation, appellant contended, *inter alia,* that the court erred because the new offenses which formed the basis of the violation, "occurred before he began serving his probation and, therefore, did not constitute a violation of probation." *Id.* at 142.[4] We held:

> The fact that appellant had not commenced serving probation when the new offense occurred did not prevent the court from revoking its prior order placing appellant on probation. A similar issue was before this Court in *Commonwealth v. Wendowski,* 278 Pa.Super. 453, 420 A.2d 628 (1980) (allocatur denied December 19, 1980). The Court there held that for revocation purposes the term of probation included the time beginning when probation was granted. The Court said:
>
> > If, at any time before the defendant has completed the maximum period of probation, *or before he has begun service of his probation,* he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of proba-

4. In *Dickens,* appellant was sentenced to serve 11½ to 23 months incarceration on April 18, 1979, for voluntary manslaughter and was placed on probation for a consecutive period of five years for possession of an instrument of crime (PIC). He was granted early parole on November 14, 1979. On March 19, 1980, while still on parole, appellant was arrested and charged with assault, recklessly endangering another person and endangering the welfare of a child arising out of an incident of child abuse. He was subsequently convicted of the charges. As a result, on June 22, 1982, a detainer for violating parole and probation on the voluntary manslaughter and PIC convictions was heard. Thereafter, appellant's parole on the voluntary manslaughter conviction was revoked; his probation on the PIC conviction was also revoked and he was sentenced to prison for not less than 2½ years nor more than 5 years, to be served after the sentence for the new offenses and consecutive to his backtime for violation of parole. *Id.*

tion. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right." *Burns v. United States*, 287 U.S. 216, 222, 53 S.Ct. 154, 156, 77 L.Ed. 266, 269 (1932).

*Id.* at 456, 420 A.2d at 630 (emphasis in original)[.]

*Id.* 475 A.2d at 144 (additional citations omitted).

¶ 10 Further, this court has previously agreed that a term of probation:

may and should be construed for revocation purposes as including the term beginning at the time probation is granted. Otherwise, having been granted probation a defendant could commit criminal acts with impunity – as far as revocation of probation is concerned – until he commenced actual service of the probationary period.

*Commonwealth v. Wendowski*, 420 A.2d at 630 (quoting *Wright v. United States*, 315 A.2d 839, 841–42 (D.C.App.1974)).

■ ¶ 11 Based on the foregoing, it is clear that the court in the instant matter had the proper authority to revoke not only appellant's parole, but also to revoke appellant's probation. Moreover, once the court revoked appellant's probation, it had the same sentencing options available that existed at the time of the original sentencing. *Commonwealth v. Smith*, 447 Pa.Super. 502, 669 A.2d 1008, 1011 (1996).

■ ¶ 12 The statutory maximum sentence which could be imposed in this matter was seven years imprisonment and a $15,000.00 fine. 18 Pa.C.S.A. §§ 3929(b)(1)(iv), 1103(3), 1101(3). It is obvious, based on our careful review of the entire record in this matter, that the court's sentencing scheme, upon revocation of probation, was to impose the statutory maximum penalty of incarceration. The

court was, of course, empowered to do so. Nonetheless, appellant suggests that the "proper procedure in this case would have been to [recommit] Ware to a determinate balance of her parole on the 8 to 23 month sentence, then sentence Ware to a certain term of imprisonment on the probation revocation[,]" and urges us to find illegality in the court's failure to explicitly do so. We will not.

¶ 13 In this case, the procedure the court employed was to sentence appellant directly on the revocation of probation to the legal statutory maximum term of incarceration. The wiser procedural course may have included a specific articulation that the sentence imposed required appellant to serve the remainder of her back time on the parole violation, followed by a consecutive sentence for revocation of probation which, when added to the back time remainder of the original sentence, would equal the statutory maximum. Nonetheless, it is clear that the outcome, in any event and under either procedure, given the court's clear sentencing scheme, would have been the imposition of the statutory maximum sentence of imprisonment, a legal sentence which the court was clearly authorized to impose. Thus, we see no reason to remand for the pointless and formalistic repetition of sentencing procedures, the outcome of which would be a foregone conclusion.

■ ¶ 14 Appellant also argues that the sentence for revocation of probation and parole which was imposed "consecutive to any sentence being served as of June 26, 1998[,]" was illegal because the original 8 to 23 month sentence imposed on May 16, 1997, was allegedly concurrent with appellant's unrelated York County sentence pursuant to appellant's negotiated plea agreement. We disagree.

¶ 15 We have carefully reviewed the record and it is clear that the plea agreement under which appellant's eight to twenty-three month sentence was imposed, did *not*, in fact, provide or recommend that

the sentence be imposed concurrent with the unrelated York County sentence.[5] It is clear the bargained for *quid pro quo* in this matter was the imposition of a term of imprisonment of from eight to twenty-three months in exchange for appellant's guilty plea.[6] Thus, we find appellant's reliance on *Commonwealth v. Anderson*, 434 Pa.Super. 309, 643 A.2d 109 (1994), misplaced. In *Anderson*, a panel of this court held that where a trial court initially sentences a defendant to concurrent sentences as part of a negotiated plea agreement, the court's subsequent imposition of consecutive sentences on re-sentencing pursuant to revocation of probation is invalid. Here, there was no negotiated agreement providing the original sentence was to run concurrent with appellant's existing York County sentence. Moreover, the original sentence cannot be deemed concurrently imposed under former Pa.R.Crim.P. 1406(a). Thus, there was no illegality, on revocation of parole and probation, in the court's imposition of a sentence consecutive to any sentence(s) appellant was then serving.

■ ¶ 16 Appellant's final challenge is to the discretionary aspects of sentencing. Appellant alleges that the court deviated from the sentencing guidelines without referencing the guidelines on the record and without stating its reasons for deviating from the suggested guideline ranges. This claim must be dismissed as it is well-settled that "[t]he sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations...." 204 Pa.Code § 303.1(b);

*Commonwealth v. Cappellini*, 456 Pa.Super. 498, 690 A.2d 1220, 1224 (1997). Moreover, we have carefully reviewed the record in this matter and are persuaded that the court was clearly aware of and properly considered the appropriate factors in fashioning sentence.

¶ 17 The order of total confinement of from 32½ to 74½ months imposed for revocation of parole and probation consecutive to any other sentence(s) appellant was serving as of June 26, 1998, is affirmed.

¶ 18 Order affirmed.

---

5. Nor did the court, at sentencing, state whether the eight to twenty-three month Lancaster County sentence should run concurrent or consecutive to the York County sentence. Appellant now argues that because of "the court's silence" on the matter, the sentence imposed was, "in effect," concurrent with the York County sentence. Appellant's argument appears to be based on former Rule of Criminal Procedure 1406(a), which provided:

(a) Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a

defendant who is incarcerated for another offense, such sentences shall be deemed to run concurrently *unless the judge states otherwise.* [Emphasis added].

However, because Rule 1406(a) was rescinded effective January 1, 1997, it has no proper application to the instant matter where sentence was imposed on May 16, 1997.

6. As previously explained, the maximum term of imprisonment which could have been imposed was seven years.