J-S11008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD KALINOWSKI | |
| Appellant | No. 2154 MDA 2013 |

Appeal from the Judgment of Sentence October 16, 2013
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000342-2012

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    **FILED MARCH 27, 2015**

Appellant, Edward Kalinowksi, appeals from the judgment of sentence entered following the revocation of his probation on October 16, 2013, in the Court of common Pleas of Lackawanna County.  No relief is due.

On December 17, 2012, Kalinowski entered a guilty plea to possession of drug paraphernalia and was sentenced to one year of probation, to be served consecutive to a state sentence Kalinowski was already serving.  On July 3, 2013, Kalinowski was arrested by Dickson City Police for Possession of a Controlled Substance, Possession with Intent to Deliver a Controlled Substance, and Possession of Drug Paraphernalia.  Because of these charges, a writ of capias was issued for Kalinowski's arrest for violating his probation.

The trial court subsequently conducted a hearing. At the hearing, Kalinowski's trial counsel, Andrew Phillips, Esquire, requested the court delay the proceedings as discovery had not yet been provided on the new charges. The following exchange took place on the record:

> THE COURT: Right now has he completed his state sentence yet?
>
> MR. PHILLIPS: He is still on his state sentence, that will be completed in November, I believe the end of November. And that's when he was to start this new special probation after that time and that's a procedural –
>
> THE COURT: The [c]ourt is not going to delay it. I am very well familiar with Mr. Kalinowski's background. If you want to have a hearing on the violations, we can do that.
>
> MR. PHILLIPS: He acknowledges, Your Honor, that he has been arrested and faces new charges. There is no question about that.
>
> THE COURT: As such, Mr. Kalinowski, do you understand that you have a right to have a hearing on that and by admitting that, you are waiving your right to a hearing?
>
> THE DEFENDANT: Yes.
>
> THE COURT: As such, I find that you are in violation. We're ready to proceed to sentencing today.

N.T., Hearing, 10/16/13 at 3-4. The trial court sentenced Kalinowski to six months to one year of incarceration. This timely appeal followed.

On appeal, Kalinowski raises the following issues for our review:

> I. Did the sentencing court commit reversible error when it accepted defendant's acknowledgment that he had been arrested and faced new charges as admission of violation of the terms of probation, where probation had not begun, the specific terms of probation were undelineated [sic], and the particular violations were not filed of record?

- 2 -

II. Was defendant's incarceration in state prison upon revocation of parole reversible error where procedural errors were made, there was no finding that (A) the defendant had been convicted of another crime, or (B) that the conduct of the defendant indicated he likely will commit another crime, or (C) incarceration was essential to vindicate the authority of the court?

III. Did the sentencing court commit reversible error when it failed to grant a continuance in a *Gagnon II* hearing where the district attorney had not provided discovery regarding the new charges which formed the basis of the alleged violation of probation?

Appellant's Brief at 2 (unnecessary capitalization omitted).

A court may revoke an order of probation upon proof of the violation of specified conditions of the probation. *See Commonwealth v. Infante*, 888 A.2d 783, 791 (Pa. 2005). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id*., at 791 (citations omitted). Technical violations are sufficient to trigger revocation. *See Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000).

Kalinowski's arguments on appeal are specious. At the outset, we find it utterly irrelevant that Kalinowski had not yet begun to serve his probationary sentence when the trial court revoked Kalinowski's probation based upon the new charges.

> If, at any time before the defendant has completed the maximum period of probation, *or before he has begun service of his probation*, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to

> the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation.

***Commonwealth v. Ware***, 737 A.2d 251, 253 (Pa. Super. 1999) (citation omitted).  We therefore find no procedural impediment to the trial court's revocation of Kalinowski's probation.

All the claims Kalinowski argues on appeal essentially coalesce into a single argument:  that the trial court improperly revoked Kalinowski's probation based upon insufficient evidence to support a finding that he violated the conditions of his probation.  This claim is belied by the record.  As previously noted, Attorney Phillips admitted to the revocation court that Kalinowski had been arrested and faced new charges, and tacitly declined the court's offer to conduct a violation hearing.  ***See*** N.T., Hearing, 10/16/13 at 3.  Kalinowski himself explicitly waived his right to a violation hearing, thus effectively conceding that he had violated his probation.  ***See id***. at 4.

Having both admitted to the fact of the violation and declined a violating hearing, Kalinowski cannot now complain of procedural irregularities to which he willingly acceded.  We further find that, in admitting to the probation violation, Kalinowski cannot now claim trial court error in refusing a continuance to further investigate the underlying basis of the probationary violation.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/2015