J-S28003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN NICHOLAS WHITE, | |
| Appellant | No. 2823 EDA 2015 |

Appeal from the Judgment of Sentence September 3, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002427-2013

BEFORE:  BOWES, LAZARUS AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 01, 2016**

Justin Nicholas White appeals from the judgment of sentence imposed after he was found to be violation of parole and probation.  Counsel has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm.

Appellant was charged with possession of a controlled substance with intent to deliver ("PWID") and possession of a controlled substance.  On April 25, 2013, Chester County Detective Matthew J. Gordon of the narcotics and organized crime unit was assigned to the Chester County Detective Drug Strike Force and was targeting Appellant.  At 2:40 a.m. on the day in question, Detective Gordon conducted a controlled buy using a confidential

* Retired Senior Judge assigned to the Superior Court.

informant ("CI"). The purchase was made on the 200 block of East Chestnut Street, Coatesville, and Appellant sold the CI $200 worth of cocaine.

On November 18, 2013, Appellant entered a negotiated guilty plea to one count of felony PWID, 35 P.S. § 780-113(a)(3), in exchange for nine to twenty-three months imprisonment, which was within the standard range, followed by two years probation. That same day, Appellant was sentenced, in accordance with the negotiated guilty plea, to nine to twenty-three months imprisonment, with credit for time served, followed by two years of probation. He was paroled on June 26, 2014.

On December 24, 2014, the Commonwealth filed a petition to revoke parole and probation averring that on December 8, 2014, Appellant was arrested by the Coatesville City Police Department, and charged with PWID, possession of a controlled substance, and possession of drug paraphernalia.

Appellant's parole and probation were thereafter revoked, and he was sentenced on January 3, 2015. For purposes of the parole violation, Appellant was sentenced to serve the balance of his previously-imposed sentence, ten months and nine days, with credit for time served. Appellant's probation-violation sentence was five years probation, consecutive to the jail term. Within ten days of imposition of the judgment of sentence, Appellant filed a *pro se* notice of appeal. In that document, he asserted that his sentence was unduly harsh in light of the fact that he had violated his parole and probation only once. In that document, Appellant confused the grading

of the crime herein as well as the fact that his jail term was imposed due to a parole violation. He argued that the amount of incarceration that he received exceeded the applicable guidelines given that his crime was a misdemeanor. In response to the trial court's directive to file a Pa.R.A.P. 1925(b) statement, counsel indicated that she intended to file a petition to withdraw.

Since we do not consider the merits of any contentions raised in an *Anders* brief without reviewing a request to withdraw, we first consider counsel's petition to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the *Anders* brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. *Id*.

Counsel's petition to withdraw sets forth that she made a conscientious review of the record and concluded that the appeal is wholly frivolous. Counsel informed Appellant that she was seeking to withdraw and furnished him with a copy of the *Anders* brief. Further, counsel told Appellant that he had the right to retain new counsel or could proceed on a *pro se* basis and raise any additional issues he deemed worthy of this Court's review. A copy

- 3 -

of counsel's letter to Appellant is appended to the **Anders** brief. Thus, counsel complied with the procedural aspects of **Anders**.

We must now examine whether counsel's **Anders** brief meets the substantive elements of **Santiago**. Pursuant to **Santiago**, an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

In her appellate brief, counsel has included a summary of the factual and procedural history of the case. Counsel references that the record fails to support any issues of merit. Counsel delineates case law that establishes that the issue raised by Appellant, that his parole/probation violation sentence is unduly harsh, is frivolous. We thus find the brief to be **Santiago** compliant.

We concur with counsel's assessment of the frivolity of the sentencing issue raised in the notice of appeal. We note that Appellant's admitted commission of new crimes constituted violations of his probation and parole. **See Commonwealth v. Kalichak**, 943 A.2d 285 (Pa.Super. 2008). Once the parole was revoked, the trial court properly sentenced Appellant to serve

the balance of his previously-imposed sentence; in fact, that alternative was the only one open to the trial court. *Id* at 290 ("the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence"); ***Commonwealth v. Ware***, 737 A.2d 251, 253 (Pa.Super. 1999) (at a violation-of-parole hearing, the trial court is not free to give a new sentence and must sentence defendant to the unexpired term of the original sentence). As observed, *supra*, the negotiated jail term was within the standard range of the guidelines. Hence, the trial court properly sentenced Appellant with respect to the parole violation.

The probation-revocation sentence was likewise sound.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Colon****,* 102 A.3d 1033, 1043 (Pa.Super. 2014) (citation omitted).

Once probation is revoked, "a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration." *Id*. at 1044. Additionally, "the trial court is limited only by the maximum sentence that it could have imposed originally at the

time of the probationary sentence." *Id*. (citation omitted). In the present case, Appellant was not sentenced to incarceration for violating probation, even though the court was authorized to impose such a sentence. 42 Pa.C.S. § 9771(c)(1) (upon revocation of probation, "a sentence of total confinement" may be imposed if "the defendant has been convicted of another crime[.]"). Instead, the court imposed an additional probationary term of five years, which it was authorized to do since Appellant's crime constituted a felony punishable by up to ten years in jail. 35 P.S. §780-113(f)(1.1). A probationary term is a lenient sentencing alternative.

Hence, we concur with counsel's assessment that Appellant's claim that his parole/probation violation sentence was unduly harsh is wholly frivolous. We conducted an independent review of the record and found that there are no other issues of arguable merit that can be raised in this appeal. Hence, we permit counsel to withdraw and affirm.

Petition of Erin N.B. Bruno, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2016

- 6 -