J-A27020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW BRIAN GREBB | |
| Appellant | No. 3330 EDA 2015 |

Appeal from the Judgment of Sentence March 18, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000764-2007

BEFORE:  PANELLA, J., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 13, 2016**

Matthew Brian Grebb appeals *nunc pro tunc*[1] from the judgment of sentence, entered in the Court of Common Pleas of Monroe County, after his probation was revoked and he was re-sentenced in two cases to consecutive sentences of two to four years' incarceration.  After careful review, we affirm.

In 2007, Grebb was charged in eleven cases with multiple counts of arson in connection with numerous fires being set in fields, private homes, and a business over a four-year span in Monroe County.  On November 16,

---

[*] Former Justice specially assigned to the Superior Court.

[1] Grebb's appeal rights were reinstated after he filed a successful Post Conviction Relief Act (PCRA) petition alleging counsel was ineffective for failing to preserve the parole revocation/jurisdiction issue in a timely appeal.

2007, Grebb pled guilty to one count each of arson in four separate cases. He was sentenced on February 19, 2008, to two consecutive terms of incarceration of 2½-5 years, less one day (756-CR & 758-CR); 5 years of probation (759-CR) to run concurrent to 765 and 758 CR; and five years of probation (764-CR) to run consecutive to the sentences imposed in each of the other cases.

In September 2013, when Grebb was serving the first of his two probation terms on 759-CR, he was arrested and charged with Driving Under the Influence (DUI) and related offenses ("DUI case"). The Commonwealth filed petitions alleging that Grebb violated probation in each case, 759-CR and 764-CR. After a hearing, Grebb's probation in both cases was revoked and resentencing was deferred until sentencing in the DUI case. On March 18, 2014, Grebb was resentenced on both probation cases to consecutive standard-range sentences of 2-4 years' incarceration. Grebb filed a motion for reconsideration which was denied by the trial court on March 31, 2014. Grebb filed an untimely appeal that was quashed by our Court. *See Commonwealth v. Grebb*, 1350 EDA 2014 (filed Aug. 4, 2014).

On March 13, 2015, Grebb filed a PCRA petition alleging ineffectiveness of counsel for failing to preserve his issues on appeal. The court granted Grebb's petition and reinstated his direct appeal rights. This timely appeal follows in which Grebb raises the following issues for our consideration:

>  (1)  Does the Judicial Code divest a trial court of jurisdiction to further sentence a defendant where more than 30 days have passed from the original sentencing order and no explicit statutory authority exists rekindling trial court jurisdiction?
>
>  (2)  In the absence of rekindled jurisdiction, does statutory and constitutional double jeopardy bar a trial court from further sentencing a defendant who has already been sentenced in the same case more than five years before?

Grebb claims that, pursuant to 42 Pa.C.S. § 5505,[2] a trial court has only 30 days to modify a sentencing order and that because Grebb's probation revocation sentence was imposed beyond this time limit, the trial court was divested of jurisdiction to sentence him.  We disagree.

While section 5505 does set a 30-day jurisdictional limit for trial courts to modify sentences, in the instant case the trial court was not "modifying" Grebb's sentence.  Rather, it was imposing a *new* sentence or *resentencing* Grebb on his original probationary sentence when it revoked his probation and imposed the current sentence.  *See* 42 Pa.C.S. § 9771 (b) ("The court may revoke an order of probation upon proof of the violation of specified conditions of the probation.  *Upon revocation the sentencing alternatives to*

---

[2] *See* 42 Pa.C.S. § 5505 (Modification of orders):

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

*the court shall be the same as were available at the time of initial sentencing*[.]") (emphasis added); **Commonwealth v. Holmes**, 933 A.2d 57, 59 n.5 (Pa. 2004) ("A court faced with a violation of probation *may impose a new sentence* so long as it is within the sentencing alternatives available at the time of the original sentence.") (emphasis added). Therefore, section 5505 is not applicable; the court had jurisdiction to re-sentence Grebb upon revocation of his probation.

In addition, we note that in **Commonwealth v. Ware**, 737 A.2d 251 (Pa. Super. 1999), our Court reiterated a well-established principle regarding revocation of probation:

> If, at any time before a defendant has completed the maximum period of probation, **or before he has begun service of his probation**, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or a defendant, the court can revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right."

**Id.** at 253-54 (emphasis in original) (citations omitted). This Court has also stated that:

> [A term of probation] may and should be construed for revocation purposes as including the term beginning at the time probation is granted. Otherwise, having been granted probation a defendant could commit criminal acts with impunity - as far as revocation of probation is concerned - until he commenced actual service of the probationary period.

*Commonwealth v. Wendowski*, 420 A.2d 628, 630 (Pa. Super. 1980) (citing *Wright v. United States*, 315 A.2d 839, 941-42 (D.C. App. 1974)). *See Commonwealth v. Allshouse*, 33 A.3d 31 (Pa. Super. 2011).

Therefore, under *Wendowski* and *Allshouse*, the court properly resentenced Grebb on 759-CR and 764-CR despite the fact that he had only begun serving one of his two probationary sentences at the time he committed his violation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/13/2016</u>