J-S50024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRUCE TIMOTHY WILD, | |
| Appellant | No. 1685 MDA 2015 |

Appeal from the Judgment of Sentence April 1, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0000249-2014

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 30, 2016**

Appellant, Bruce Timothy Wild, appeals from the April 1, 2015 judgment of sentence entered in the Court of Common Pleas of Lackawanna County ("trial court") following the Appellant's stipulation to violating the conditions of his supervision. Appellant challenges the legality of his sentence. Upon review, we affirm.

On May 2, 2014, Appellant pled guilty to one count of escape[1] stemming from an incident on January 17, 2014, wherein Appellant failed to return to his incarceration[2] following a period of work release. On August

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5121(a).

[2] Appellant was serving a serving a sentence on an assault conviction in an unrelated criminal matter docketed at CP-35-CR-0000675-2012.

12, 2014, Appellant was sentenced to a period of time served (196 days) to 12 months of incarceration at the Lackawanna County Prison followed by a period of two years probation.

On April 1, 2015, Appellant appeared before the trial court for a Gagnon II Hearing, at which Appellant stipulated to violating the conditions of his supervision in connection with his sentence from the January 17, 2014 escape. At the time of the violation Appellant was on parole and had not yet begun his term of probation. The trial court revoked Appellant's parole and recommitted him to his original sentence of time served to 12 months of incarceration with no credit for his time at liberty for his parole violation. The trial court then revoked Appellant's two-year probation and sentenced Appellant to a three-year intermediate punishment ("IP") sentence with the first 90 days of incarceration in the Lackawanna County Prison followed by 90 days of work release. Additionally, the trial court ordered upon Appellant's eventual re-parole, that he complete a drug and alcohol evaluation, a mental health evaluation, be prohibited from drug or alcohol use, be prohibited from liquor serving establishments, and to pay the costs of prosecution.

Appellant filed a [m]otion for [r]econsideration of [s]entence on April 9, 2015, and a hearing was held on the matter on April 24, 2015. The [m]otion was denied by operation of law on August 26, 2015.

Prior to the issuance of a final order, Appellant filed a premature [n]otice of [a]ppeal on August 25, 2015, docketed at 1490 MDA 2015. Thereafter, on September 25, 2015, Appellant filed a timely [n]otice of [a]ppeal [n]unc [p]ro [t]unc docketed to 1685 MDA 2015. On October 21, 2015, [the trial court] issued an [o]pinion

detailing the procedural history and requesting that the premature [a]ppeal docket at 1490 MDA 2015 be quashed, or in the alternative, the appeals be consolidated. As the [trial court] had not received a [c]oncise [s]tatement of [m]atters [c]omplained of on appeal at that time, the [trial court] was unable to ascertain the reasons for the [a]ppeal. [The trial court] issued a 1925(b) [c]oncise [s]tatement [o]rder on October 21, 2015 to be filed within twenty-one (21) days. On October 21, 2015, the Superior court of Pennsylvania sent a [n]otice of [d]iscontinuance of [a]ction regarding the [a]ppeal docketed at 1490 MDA 2015. On October 22, 2015, [] Appellant field a [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal.

Trial Court Opinion, 1/7/16, at 2-3.

Appellant raises a sole issue on appeal: "[w]hether the [trial] court imposed an illegal sentence in violation of 42 Pa.C.S.A. § 9755(h)?" Appellant argues that the lower court sentenced Appellant to a period of **partial** confinement of 12 months followed by an intermediate punishment ("I.P.") sentence, which included incarceration. Appellant asserts that this combination constitutes an illegal sentence.

Pennsylvania statutes provide for a sentence of partial confinement combined with a sentence of county intermediate punishment. **See** 42 Pa.C.S.A. § 9755(h).

The court may impose a sentence of partial confinement without parole under this subsection only when:

(1)    The period of partial confinement is followed immediately by a sentence imposed pursuant to section 9763 (relating to sentence of county intermediate punishment) in which case the sentence of partial confinement shall specify the number of days of partial confinement to be served; and

(2)    The maximum sentence of partial confinement imposed on one or more indictments to run consecutively or concurrently total 90 days or less.

- 3 -

*Id.* Section 9755(h) does not apply because Appellant was not sentenced to **partial** confinement but **total** confinement; however, the applicable statute contains identical language and does not change Appellant's argument. *See* 42 Pa.C.S.A. § 9756(c.1).[3]

"Upon revocation of parole, the only sentencing option available is recommitment to serve the balance of the term initially imposed." *Commonwealth v. Ware*, 737 A.2d 251, 253 (Pa. Super. 1999) (citing *Commonwealth v. Fair*, 497 A.2d 643 (Pa. Super. 1985)). "At some point thereafter, the defendant may again be paroled." *Commonwealth v. Kalichak*, 943 A.2d 285, 290 (citation omitted). Furthermore, recommittal is not a sentence. *Ware*, 737 A.2d at 253 (citations omitted). Additionally, a trial court has the authority to revoke probation "despite the fact that, at the time of the revocation of probation, appellant had not yet begun to serve

---

[3] Section 9756(c.1) relating to a sentence of **total** confinement combined with a sentence of county intermediate punishment provides that

> The court may impose a sentence of imprisonment without parole under this subsection only when:
>
> (1)  The period of total confinement is followed immediately by a sentence imposed pursuant to section 9763 (relating to sentence of county intermediate punishment) in which case the sentence of total confinement shall specify the number of days of total confinement also to be served; and
>
> (2)  The maximum sentence of total confinement imposed on one or more indictments to run consecutively or concurrently total 90 days or less.

the probationary portion of her split sentence and even though the offense upon which revocation of probation was based occurred during the parole period and not the probationary period." *Id.* Once a trial court has revoked a sentence of probation, it has the same sentencing options that existed at the time of the original sentencing. 42 Pa.C.S.A. § 9771(b); *see also Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. Super. 1996).

In the matter *sub judice*, Appellant was recommitted on his parole violation to a period of time served to twelve months. Subsequently, Appellant was sentenced on his probation revocation. Appellant's argument is flawed because it conflates the parole revocation/recommittal and the probation revocation as one sentence. The two are entirely separate matters. *See Abraham v. Dept. of Corrections*, 615 A.2d 814, 822 (Pa. 1992) ("recommittal is just that-a recommittal and not a sentence"); *see also Commonwealth v. Ware*, 737 A.2d 251, 253 (Pa. Super. 1999) (trial court had authority to revoke probation and parole). The trial court properly recommitted Appellant to his original sentence on the parole violation.

Furthermore, the trial court's sentence on the probation revocation was in accordance with the statutory requirements combining a sentence of total confinement with a sentence of county intermediate punishment. *See* 42 Pa.C.S.A. § 9756(c.1).[4] The trial court had the authority to impose any

---

[4] Additionally, the Defendant's recommittal provided the opportunity for parole; therefore, even if Appellant's mistaken interpretation was correct,
*(Footnote Continued Next Page)*

sentencing alternative that was originally available at the time of sentencing with credit for time served. 42 Pa.C.S.A. § 9771(b). As the Appellant was convicted of a felony of the third degree, his maximum sentence is seven years. 18 Pa.C.S.A. § 1103(3). As the initial period of incarceration was for a maximum period of one year, the trial court could only sentence Appellant to a maximum of six years on the probation violation. *See* 42 Pa.C.S.A. § 9771(b). After revoking his probation, the trial court sentenced Appellant a three year county intermediate punishment sentence including a period of 90 days total confinement followed by a period of 90 days work release. This sentence was originally available at the time of sentencing. *See* 42 Pa.C.S.A. § 9721(a). Therefore, the Appellant's argument fails as the trial court did not impose an illegal sentence. *See* 42 Pa.C.S.A. § 9756(c.1).

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

the statute would not apply because Appellant would not be subject to incarceration for a period greater than 90 days without the possibility of parole.

Judgment of sentence affirmed.

Judge Mundy did not participate in the consideration or decision of this case.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2016