J-S80027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERMAINE MCBRIDE | : | |
| | : | |
| Appellant | : | No. 946 EDA 2017 |

Appeal from the Judgment of Sentence October 22, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007248-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 22, 2019**

Germaine McBride appeals from the judgment of sentence of two-and-one-half to five years of incarceration followed by two years of probation, imposed following the revocation of his parole and/or probation.  We affirm.

The instant appeal stems from Appellant's guilty plea entered on April 3, 2014, to receiving stolen property ("RSP"), a third-degree felony.  In exchange for Appellant's guilty plea, the parties negotiated a sentence of eleven-and-one-half to twenty-three months of incarceration followed by two

years of probation, with immediate parole and credit for time served.[1] The trial court imposed the agreed-upon sentence, directed Appellant to follow the conditions of parole and probation, and ordered Appellant to pay $2,000.00 in restitution.

On April 15, 2015, the trial court received notification that Appellant had violated the terms of supervision by refusing to report to his probation officer and for failing to pay any amount of restitution.[2] Following his *Gagnon I*[3]

---

[1] The amount of time served with which Appellant was credited has not been made part of the certified record. The record reveals that Appellant was arrested on May 17, 2013, in SCI Graterford while on a state detainer. Appellant was then returned from state custody, and bail was set at this case on October 21, 2013. Therefore, it appears that Appellant would have been entitled to five months and 13 days of credit at his April 3, 2014 sentencing. However, Appellant states that he has served 23 months of incarceration. Appellant's brief, 8. The Commonwealth's brief does not provide any clarity, as it is unsure what time credit petitioner received, admitting that "based on the certified record, it is difficult to determine whether defendant's claim is accurate." The Commonwealth's brief, 7. In its 1925(b) opinion, the trial court does not state the amount of time credit that Appellant received at sentencing.

[2] While everyone appears to agree that Appellant violated the terms of his probation, it is impossible from the certified record to determine if Appellant also violated the terms of his parole. In his brief, Appellant states that his probation was revoked. In its brief, the Commonwealth refers to probation and parole interchangeably without making any meaningful distinction between the two. Similarly, the trial court oscillates between the usage of probation or parole, appearing to conclude that Appellant violated both.

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Supreme Court determined a two-step procedure was required before a parole or probation may be revoked:

- 2 -

hearing on October 22, 2015, where Appellant conceded to violating the terms of his supervision, the court revoked Appellant's parole and/or probation. Trial Court Opinion, 2.[4] After waiving his right to a **Gagnon II** hearing, the trial court immediately resentenced Appellant to two to five years of incarceration followed by two years of probation, with credit for time served.[5]

Appellant filed a post-sentence motion for reconsideration, which was denied. Although Appellant failed to file a notice of appeal within thirty days, as required for violation of parole and probation sentences, he successfully sought restoration of his appellate rights *nunc pro tunc* through a PCRA petition. Appellant filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement, and raises the following issue for our review: "Can the [trial court] impose a sentence for a violation

---

> [A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [**Gagnon I**] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [**Gagnon II**] prior to the making of a final revocation decision.

*Id*. at 781-82.

[4] The probation violation hearing transcript was not made a part of the certified record. The trial court states in its opinion that Appellant conceded to violating the terms of his supervision and that it revoked Appellant's probation and parole sentences.

[5] The resentencing order does not calculate the amount of time credit; instead, leaving the determination up to the Philadelphia prison system. However, Appellant is serving a state sentence. Therefore, any time credit due would be determined by the state prison system.

of probation that, when totaling the original time served in prison, the maximum sentence of incarceration for the violation and the probationary tail for the violation exceed the maximum sentence for the crime committed?" Appellant's brief at 7.

Appellant's claim concerns the legality of his sentence, which we review *de novo*. **Commonwealth v. Aikens**, 139 A.3d 244, 245 (Pa.Super. 2016). In support of his claim, Appellant argues that his new sentence, when combined with the twenty-three months he previously served, exceeds the statutory maximum. The Commonwealth responds that the trial court imposed a legal sentence within the statutory maximum, as it awarded credit for time served.

Appellant was originally ordered to serve a split sentence of incarceration followed by probation. If Appellant had completed parole at the time of the violation, and was serving his probationary sentence, then the court had the same sentencing options available that existed at the time that the original sentence was imposed. **Commonwealth v. Wallace**, 870 A.2d 838, 843 (Pa. 2005); 42 Pa.C.S. § 9771(b). Additionally, the new sentence was within the statutory maximum for a third degree felony, with the time credit award; therefore, this Court would affirm Appellant's judgment of sentence on this basis.

The record is unclear as to whether petitioner was still on parole, or if he had begun serving probation when the violation occurred. That point is

significant, as a trial court cannot revoke a parole sentence and impose a new sentence; rather, the court is obligated to order recommitment for the balance of the term. **See Commonwealth v. Holmes**, 933 A.2d 57, 59, n.5 (Pa. 2007). Therefore, if Appellant was still serving parole at the time of his violation, the trial court imposed an illegal sentence, as it was limited to imposing the balance of the original parole sentence, followed by a separate sentence for the probation revocation.

However, this Court has addressed potentially analogous circumstances in **Commonwealth v. Ware**, 737 A.2d 251, 252 (Pa.Super. 1999). Therein, Ware was incarcerated in a county facility on unrelated charges when she pled guilty to a felony of the third degree. She received a sentence of eight to twenty-three months of incarceration, followed by two years of probation. With time credit, Ware had already served the minimum and was immediately paroled. Approximately six weeks later, Ware committed a new crime, pled guilty, and was sentenced. The Commonwealth sought revocation, asserting that Ware violated a condition of her probation and parole. At the time of the revocation hearing, Ware had approximately five months left on her parole term. The trial court imposed a new sentence of thirty-two and one-half months to seventy-four months of incarceration. Thus, Ware was not ordered to serve the remainder of her parole sentence, which, according to Ware, rendered the sentence illegal. We disagreed.

- 5 -

It is obvious, based on our careful review of the entire record in this matter, that the court's sentencing scheme, upon revocation, was to impose the statutory maximum penalty of incarceration. The court was, of course, empowered to do so. Nonetheless, appellant suggests that the "proper procedure in this case would have been to [recommit] Ware to a determinate balance of her parole on the 8 to 23 month sentence, then sentence Ware to a certain term of imprisonment on the probation revocation[,]" and urges us to find illegality in the court's failure to explicitly do so. We will not.

In this case, the procedure the court employed was to sentence appellant directly on the revocation of probation to the legal statutory maximum term of incarceration. The wiser procedural course may have included a specific articulation that the sentence imposed required appellant to serve the remainder of her back time on the parole violation, followed by a consecutive sentence for revocation of probation which, when added to the back time remainder of the original sentence, would equal the statutory maximum. Nonetheless, it is clear that the outcome, in any event, and under either procedure, given the court's clear sentencing scheme, would have been the imposition of the statutory maximum sentence of imprisonment, a legal sentence which the court was clearly authorized to impose. Thus, we see no reason to remand for the pointless and formalistic repetition of sentencing procedures, the outcome of which would be a foregone conclusion.

*Id*. at 254.

*Ware* demonstrates that there is no impediment to revoking the parole sentence and anticipatorily revoking probation. Moreover, as in *Ware*, it is clear that the procedure selected by the trial court herein was designed to sentence Appellant to the statutory maximum. We therefore apply the same logic, and hold that the trial court was authorized to anticipatorily revoke Appellant's parole and probation, and impose the maximum sentence allowable by law.

Ultimately, whether Appellant was still serving parole and probation sentences, or just the probation at the time of violation, his sentence did not exceed the statutory maximum. Therefore, as we held in **Ware**, we see no reason to remand for the pointless and formalistic repetition of sentencing procedures in order to reach a foregone conclusion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/19