J-S79044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDRE GOFF | : | |
| | : | |
| Appellant | : | No. 1553 EDA 2016 |

Appeal from the PCRA Order June 6, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0309511-2005

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED DECEMBER 19, 2017**

Appellant, Andre Goff, appeals *nunc pro tunc* from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows.

> On February [9], 2006, a jury convicted [Appellant] on charges of robbery and possession of an instrument of crime [("PIC")].[2] On March 9, 2006, [Appellant] was sentenced to seven and a half to fifteen [years'] imprisonment followed by five [years'] probation. [Appellant] did not file a notice of appeal. [Appellant] filed a [*pro se*] petition under the Post-Conviction Relief Act on July 24, 2006. On June 8, 2007, [Appellant's] request for

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 3701, 907, respectively.

PCRA relief was granted. As a result, [Appellant's] right to file a direct appeal was reinstated *nunc pro tunc*. [Appellant timely] filed a notice of appeal [*nunc pro tunc*] on July 5, 2007. On July 24, 2008, the Superior Court affirmed [Appellant's] judgment of sentence. [Appellant's] petition for allowance of appeal to the Supreme Court was denied on April 1, 2009.

On January 20, 2013, [Appellant] was arrested [while on parole] and charged with several firearms violations, to which he later pled guilty. [The] court held a **Daisey Kates**[3] hearing on April 12, 2013[,] after which [Appellant's] probation was revoked. On June 7, 2013, [Appellant] was sentenced to two and a half to five [years'] imprisonment followed by five [years'] probation. [Appellant] did not file an appeal. On April 8, 2014, new counsel filed a PCRA petition alleging that **Daisey Kates** counsel was ineffective for failing to file a notice of appeal. Thereafter on June 6, 2014, [the] court held an evidentiary hearing, and after finding [Appellant's] claim to be meritless, issued an order denying [Appellant's] petition to reinstate his appellate rights *nunc pro tunc*. [Appellant timely] filed a notice of appeal on July 5, 2014[,] and on November 10, 2014, [the] court issued an opinion. [Appellant's] appeal was dismissed on February 20, 2015[,] for failure to file a brief. [Appellant] then filed a [*pro se*] petition under the [PCRA] on July 17, 2015. On April 22, 2016, [the] court granted [Appellant's] right to appeal, *nunc pro tunc*, [from] the June 6, 2014 order denying PCRA relief. [Appellant timely] filed a notice of appeal [*nunc pro tunc*] to the Superior Court on May 19, 2016. On November 18, 2016, [the] court ordered [Appellant] to file a statement of [errors] complained of on appeal. [Appellant] filed this statement on November 29, 2016, while his counsel filed a similar statement on December 3, 2016.

_____

[3] **See Commonwealth v. Kates**, 452 Pa. 102, 305 A.2d 701 (1973) (holding there is no constitutional prohibition preventing trial court from conducting probation/parole revocation hearing before trial on new criminal charges which led to revocation claim).

J-S79044-17

(PCRA Court Opinion, filed June 29, 2017, at 1-2).

Appellant raises the following issue for our review:

> WAS THE COURT'S IMPOSITION OF A NEW SENTENCE ILLEGAL WHERE APPELLANT HAD BEEN RELEASED ON PAROLE AND WHOSE PROBATION HAD NOT YET BEGUN?

(Appellant's Brief at 9).[4]

Our standard of review of the denial of a PCRA petition is limited to examining whether the record supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). Credibility determinations are within the province of the PCRA court when a hearing is held on the matter. *Commonwealth v. Rathfon*, 899 A.2d 365 (Pa.Super. 2006). If the record supports a PCRA court's credibility determination, it is binding on the appellate court. *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

Appellant argues the court incorrectly determined he violated probation, when in fact his probation term had not yet begun. Appellant claims the only option available to the court after revocation of Appellant's

---

[4] Appellant challenges the legality of his sentence, which is cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vii).

- 3 -

parole was to recommit him to serve out the remainder of his term of incarceration. Appellant avers his issue is a challenge to the legality of his sentence, which he cannot waive. Appellant concludes this Court should vacate his sentence and remand for resentencing. We disagree.

Pennsylvania law states:

> If, at any time before the defendant has completed the maximum period of probation, or **before he has begun service of his probation**, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not change his position from the possession of a privilege to the enjoyment of a right.

***Commonwealth v. Hoover***, 909 A.2d 321, 323 (Pa.Super. 2006) (quoting ***Commonwealth v. Wendowski***, 420 A.2d 628, 630 (Pa.Super. 1980)) (emphasis in original, internal quotation marks omitted). If a court revokes a term of probation before the defendant has started to serve it, the court has the same sentencing options available that existed at the time of the original sentencing. ***Commonwealth v. Ware***, 737 A.2d 251 (Pa.Super. 1999), *appeal denied*, 561 Pa. 657, 747 A.2d 900 (1999).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of

discretion." ***Commonwealth v. Perreault***, 930 A.2d 553, 558 (Pa.Super. 2007), *appeal denied*, 596 Pa. 729, 945 A.2d 169 (2008). The Sentencing Code permits a court to revoke an order of probation under the following circumstances:

> **§ 9771. Modification or revocation of order of probation**
>
> **(a) General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.
>
> **(b) Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.
>
> **(c) Limitation on sentence of total confinement.**— The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(a)-(c).

Instantly, after a jury convicted Appellant of robbery and PIC on February 9, 2006, the court sentenced him to seven and half to fifteen years' imprisonment plus five years' probation. While on parole in January 2013,

Appellant was arrested and charged with several firearms violations, to which he later pled guilty. After a hearing, the court anticipatorily revoked Appellant's probation, and on June 7, 2013, resentenced him to two and half to five years' imprisonment plus five years' probation.

The court had authority to revoke Appellant's probation before he started serving his probation term. *See Hoover, supra*. Appellant committed several firearm offenses, which demonstrated to the court that he was unworthy of probation. *See id.*; 42 Pa.C.S.A. § 9771(c). The court resentenced Appellant to a term of incarceration and probation consistent with the options available at Appellant's original sentencing. *See Ware, supra*. Therefore, the court imposed a legal sentence following revocation of Appellant's parole/probation. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017