J-A21042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PATRICK STARK | : | |
| | : | |
| Appellant | : | No. 400 EDA 2018 |

Appeal from the Judgment of Sentence Entered December 11, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001698-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PATRICK STARK | : | |
| | : | |
| Appellant | : | No. 401 EDA 2018 |

Appeal from the Judgment of Sentence Entered December 11, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002225-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PATRICK STARK | : | |
| | : | |
| Appellant | : | No. 403 EDA 2018 |

Appeal from the Judgment of Sentence Entered December 11, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002339-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

                                          :
        v.                                :
                                          :
                                          :
                                          :
    PATRICK STARK                         :
                                          :
            Appellant                     :     No. 404 EDA 2018

Appeal from the Judgment of Sentence Entered December 11, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0006688-2016

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED DECEMBER 19, 2018**

Patrick Stark appeals from the sentences imposed following his violation of probation and parole. Stark's counsel has filed an application to withdraw and an **Anders**[1] brief. We affirm Stark's judgments of sentence, and grant counsel's request to withdraw.

In 2013, Stark pled guilty to three counts of driving under the influence of a controlled substance,[2] and the trial court sentenced him to serve three identical and concurrent sentences of nine to 23 months' incarceration followed by three years' probation. Over three years later, in 2016, Stark pled guilty to possession of a controlled substance,[3] and the court sentenced him

---

[1] **See Anders v. California**, 386 U.S. 738 (1967).

[2] **See** 75 Pa.C.S.A. § 3802(d)(1).

[3] **See** 35 P.S. § 780-113(a)(16).

to serve four to 23 months' incarceration followed by one year of probation. Stark's 2016 sentence was set to run concurrently to his 2013 sentences.

Stark was still serving probation on his 2013 offenses and parole on his 2016 offense when, in 2017, he pled guilty to loitering and prowling at night time.[4] Stark's new charge constituted a violation of the terms of his probation and parole, and the trial court thus held a hearing on December 11, 2017. At the conclusion of the hearing, the court revoked Stark's probation on his 2013 offenses and re-sentenced him to serve three concurrent terms of 24 months in a state intermediate punishment program.[5] For violating the terms of parole on his 2016 offense, the court sentenced Stark to serve his "full back time" of 387 days' incarceration and to one year of consecutive probation. The court specified that on this sentence, Stark was to be eligible for immediate parole.

Stark appealed, and, as stated above, his attorney has filed an **Anders** brief and petition to withdraw. Before we assess the merits of any argument calling Stark's judgments of sentence into question, we must pass on counsel's request to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). An **Anders** brief that accompanies a request to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record;

---

[4] **See** 18 Pa.C.S.A. § 5506.

[5] **See** 61 Pa.C.S. §§ 4101-4109.

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Counsel should also provide a copy of the *Anders* brief to the client, and a letter that advises the client of the right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa.Super. 2014) (quoting *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007)). If we determine that counsel has satisfied these requirements of *Anders* and *Santiago,* we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." *Commonwealth v. Dempster*, 187 A.3d 266, 271 (Pa.Super. 2018) (*en banc*) (quoting *Anders*, 386 U.S. at 744).

The *Anders* brief before the Court complies with the necessary requirements, as counsel has summarized the status of the case, set forth an issue of arguable merit, and explained why he believes the appeal to be frivolous.[6] Attached to his application to withdraw, counsel has provided a

---

[6] Counsel provides only a five-sentence summary of the case (which is a consolidation of four appeals), with no citations to the record.

copy of the letter he sent to Stark that enclosed a copy of the ***Anders*** brief and that advised Stark that he may raise any additional issues before this Court via his own brief or through retained counsel. Stark has not submitted any additional brief to this Court. We therefore turn to our own review of whether a non-frivolous issue exists for appeal.

Counsel presents one issue for our review: "The sentence imposed was harsh and excessive under the circumstances." ***Anders*** Br. at 6. Counsel elaborates that the court made no on-the-record consideration during sentencing of the factors required by 42 Pa.C.S.A. § 9721 or 42 Pa.C.S.A. § 9725, such as Stark's "age, education[], family, marital and employment status," and "recidivisim, opportunity for correction and penal interests relative to him and the public." ***Id.*** at 8-10. Counsel does not present any specific factors that would have warranted a more lenient sentence, but generally asserts that a court's failure to consider the statutory factors presents a substantial question for our review. ***Id.*** at 8. Counsel ultimately concludes that the issue is frivolous because it was not raised in a post-sentence motion. ***Id.*** at 11.

We agree that an attack on the discretionary aspects of Stark's sentences has been waived by Stark's failure to raise such a claim before the trial court. Stark filed no post-sentence motion and made no objection at the sentencing hearing following the imposition of his sentence. To the contrary, when the court asked Stark if he believed that the sentence suggested by the representative from Probation and Parole was "illegal because it's too long,"

Stark responded in the negative. N.T., 12/11/17, at 12. Accordingly, Stark's sole issue, as framed by counsel in the **Anders** brief, has been waived, and its pursuit on direct appeal would therefore be wholly frivolous. **See Commonwealth v. Kalichak**, 943 A.2d 285, 289, 291 (Pa.Super. 2008). Stark's failure to raise any discretionary sentencing issues before the trial court is fatal not only to the issue raised by counsel, but to any issue related to the discretionary aspects of Stark's sentence.

Stark's direct appeal is therefore limited to a review of the legality of his sentence, and our review of the record indicates no irregularity in that regard. **See** 42 Pa.C.S.A. § 9771 (authorizing a court to revoke an order of probation upon proof of a violation of probation conditions; making available all sentencing alternatives available to the court at the original sentencing; allowing a court to impose a sentence of total confinement upon revocation if the defendant has been convicted of another crime); **Commonwealth v. Ware**, 737 A.2d 251, 253 (Pa.Super. 1999) (explaining that upon revocation of parole, a court is obligated to recommit the defendant to serve the remainder of his or her original sentence). Having found no issues to appeal that are not wholly frivolous, we grant counsel's request to withdraw from representation, and we affirm Stark's judgments of sentence.

Judgments of sentence affirmed. Application to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/19/18</u>