J-S81013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GARY LEE ROSE | |
| Appellant | No. 1024 MDA 2018 |

Appeal from the Judgment of Sentence imposed May 29, 2018
In the Court of Common Pleas of Lycoming County
Criminal Division at No: CP-41-CR-0001072-2012

BEFORE:  STABILE, J., DUBOW, J., and STEVENS,* P.J.E.

MEMORANDUM BY STABILE, J.:                      **FILED MARCH 22, 2019**

Appellant, Gary Lee Rose, appeals from a judgment of sentence of six to twenty-four months' imprisonment in a state correctional institution imposed following revocation of his probation for theft by deception.[1] Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, as well as a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We grant counsel leave to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the history of this case as follows:

> [A]ppellant stole checks from his mother.  He wrote several checks out to himself and his paramour wrote several checks out to herself.  The Commonwealth charged the appellant with numerous

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3922.

counts of forgery, theft by deception and receiving stolen property. On November 2, 2012, the appellant pled guilty to a consolidated count of theft by deception, graded as a misdemeanor of the first degree, and the court sentenced him to two years' probation under the supervision of the Pennsylvania Board of Probation and Parole (PBPP) consecutive to all of the sentences the appellant was serving.[2]

The appellant was charged with a new criminal offense of bad checks. To keep the appellant on the street while his new charge was pending, the appellant was placed on a GPS monitor on August 4, 2017, as part of his conditions of his supervision. The appellant, however, failed to properly charge his GPS unit as instructed. To ensure that the appellant was properly charging his monitor, on November 15, 2017, his probation officer, Agent Joshua Kreiger, directed the appellant to report daily to charge his monitor in the lobby of the PBPP district office. Agent Kreiger advised the appellant of this requirement in person and in writing on form PBPP 348, which the appellant signed . . . The appellant reported as directed on November 16, 2017, but did not report thereafter. On November 29, 2017, Agent Kreiger called the appellant and told him to report on November 30, 2017 at 9:00 a.m. to charge his GPS monitor. Not only did the appellant fail to report as directed, he cut off his GPS unit. On December 1, 2017, Agent Kreiger recovered the cut GPS unit in the parking lot of Van Campen Motors. Agent Kreiger attempted to contact the appellant at his residence, but he was not there and his paramour did not know where he was. On December 6, 2017, the court issued a bench warrant for the appellant's arrest for absconding from supervision. The appellant was arrested on the bench warrant on or about January 24, 2018.

The appellant's final probation violation hearing was held on May 29, 2018. Following that hearing, the court found that the appellant violated several conditions of his supervision. The court revoked the appellant's probation and resentenced him to serve

_____

[2] Due to Appellant's other sentences, his sentence of probation in the present case was not set to commence until December 6, 2018. Nevertheless, the trial court had the power to revoke his probation for a violation that occurred after he was sentenced but before his probation commenced. *Commonwealth v. Ware*, 737 A.2d 251, 253-54 (Pa. Super. 1999).

six to twenty-four months' incarceration in a state correctional institution.

On June 7, 2018, the appellant, who remained represented by counsel, filed a *pro se* motion to modify sentence and post-sentence motion. In accordance with [Pa.R.Crim.P.] 576, the court directed the clerk of courts to forward the motion to the district attorney and the appellant's counsel, and no action was taken on the appellant's *pro se* filing. Counsel did not file any motions challenging the appellant's sentence.

On June 22, 2018, the appellant filed a notice of appeal. The sole issue asserted in this appeal is that the trial court abused its discretion when imposing a probation violation resentencing of 6-24 months' incarceration in SCI Camp Hill. The appellant averred that the court should have imposed a county sentence of 6-12 months' [imprisonment] as specified in his letter to the court dated June 4, 2018.

Pa.R.A.P. 1925(a) Opinion, 9/28/18, at 1-3. The trial court reasoned that a state sentence was appropriate because "it made no sense to impose a county sentence in this case . . . The appellant was on state parole at the time and was not scheduled to begin his probation until December 2018. The appellant was facing the possibility of additional time in a state correctional institution for violating his state parole." *Id.* at 4. Moreover, Appellant claimed during his revocation hearing that he suffered from paranoid schizophrenia. The court responded that he could receive treatment for mental health issues in state prison but not in county prison. *Id.* at 4-5.

On November 5, 2018, counsel for Appellant filed an *Anders* brief in this Court. On November 19, 2018, counsel filed a petition for leave to withdraw as counsel. The *Anders* brief raised two issues:

I. Did the trial court abuse its discretion when imposing a re-sentence of six (6) to twenty-four months' (24) incarceration in a state correctional institution?

II. Should an application to withdraw as counsel be granted where counsel has investigated the possible grounds of appeal and finds the appeal frivolous?

*Anders* Brief at 4.

Preliminarily, we note that Appellant's *pro se* post-sentence motion was a legal nullity that did not toll the thirty-day appeal period because he was represented by counsel at the time of filing. *Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2012). Appellant also filed his notice of appeal *pro se* even though trial counsel was representing him at that time. This misstep is not fatal to Appellant's appeal, because "this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel[.]" *Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016).

When, as here, counsel files an *Anders* brief, we may not review the merits of the underlying issues without first examining counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel must satisfy three procedural requirements when seeking leave to withdraw: she must (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, she has determined that the appeal would be frivolous; (2) provide a copy of the brief to the defendant; and (3) advise the defendant that he has the right to retain private counsel, proceed *pro se* or raise additional arguments that

the defendant considers worthy of the court's addition. ***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009).

Here, counsel's petition to withdraw enclosed her letter to Appellant advising that she was seeking permission to withdraw and providing Appellant with copies of the petition to withdraw and her ***Anders*** brief. Counsel asserted in her petition that she reviewed the record and concluded that the appeal is frivolous. Finally, her letter to Appellant notified him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deemed worthy of this Court's attention. Accordingly, counsel satisfied ***Anders'*** procedural requirements.

Next, we address whether counsel's ***Anders*** brief complies with the substantive requirements of ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2007), which held that an ***Anders*** brief must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. ***Id.*** at 361. The ***Anders*** brief must also articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. ***Id.***

Here, counsel included a statement of the case, including its procedural history. ***Anders*** Brief at 5-7. Counsel also stated that she carefully reviewed

the record but could not find any meritorious issues. Lastly, she explained that the appeal was frivolous. Appellant insisted that his sentence of 6-24 months' imprisonment in state prison was excessive. Counsel pointed out that it was well within the trial court's discretion to revoke Appellant's probation for violating conditions of probationary supervision and to sentence him to state prison so that he could obtain treatment for his mental health condition. Thus, counsel satisfied the substantive requirements for a petition to withdraw.

We turn to the substantive issue raised in the **Anders** brief: whether Appellant's sentence of 6-24 months' imprisonment in state prison was excessive. We hold that this sentence was a proper exercise of the trial court's discretion, since it was well within the five-year maximum for theft by deception and afforded Appellant the mental health treatment that he claimed to need.

Aside from this issue, we must review the record for any other potentially non-frivolous issues. **Commonwealth v. Dempster**, 187 A.3d 266, 271 (Pa. Super. 2018) (*en banc*). Having carefully reviewed the record, we find no other potentially non-frivolous issues. We therefore grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2019