J-S38020-19

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER CAMERO | : | |
| | : | |
| Appellant | : | No. 3067 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005087-2017

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 24, 2019**

Appellant, Peter Camero, appeals from the Judgment of Sentence entered in the Delaware County Court of Common Pleas following the revocation of his parole and probation. With this appeal, Appellant's counsel has filed an Application to Withdraw as Counsel and an **_Anders_**[1] brief.  After careful review, we deny counsel's Application to Withdraw and remand for further proceedings pursuant to Pa.R.A.P. 1925(c)(4).

We glean the following factual and procedural history from the certified record. On October 18, 2017, Appellant pleaded guilty to one count each of Possession of Marijuana for Personal Use and Theft from a Motor Vehicle[2] for breaking into a vehicle and possessing a sandwich bag containing marijuana.

---

[1] **_Anders v. California_**, 386 U.S. 738 (1967).

[2] 35 P.S. § 780-113(a)(31) and 18 Pa.C.S. § 3934(a), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

The court sentenced Appellant to a term of time-served to twelve months' incarceration, followed by to one year of probation; the court then granted him immediate parole.

On August 17, 2018, after violating the terms of his parole and probation, Appellant was arrested and incarcerated pending a September 19, 2018 **Gagnon II**[3] hearing. At the **Gagnon II** hearing, Appellant conceded that he violated the terms of his parole and probation. Thus, the trial court ("VOP court") revoked Appellant's parole and incarcerated him to the balance of the sentence previously imposed, one hundred seventy-four days, and revoked his probation and incarcerated him to a consecutive sentence of one to two years' imprisonment. The VOP court granted Appellant one hundred ninety-one days' credit for time served. Importantly, this credit included his time served from August 17, 2018 to September 19, 2018.

On September 26, 2018, Appellant filed a *pro se* Motion for Reconsideration of Sentence and *pro se* Notice of Appeal. On October 17, 2018, Appellant filed a counseled Notice of Appeal. Both the VOP court and Appellant complied with Pa.R.A.P. 1925.

Appellant's counsel has filed both an **Anders** Brief and an Application to Withdraw as Counsel. In response, Appellant filed a *Pro Se* Response. The **Anders** Brief and *Pro Se* Response raise the same issue: "[w]hether the court erred when it sentenced Appellant to prison without crediting him for the time

---

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

he had already served on the case." ***Anders*** Br. at 3; Appellant's *Pro Se* Response, filed 6/3/19.

As a preliminary matter, we address appellate counsel's Application to Withdraw as Counsel. "When presented with an ***Anders*** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to ***Anders***, our Supreme Court has determined that counsel must meet the following requirements:

(1)  provide a summary of the procedural history and facts, with citations to the record;

(2)  refer to anything in the record that counsel believes arguably supports the appeal;

(3)  set forth counsel's conclusion that the appeal is frivolous; and

(4)  state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Appellate counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, appellate counsel confirms that he sent Appellant a copy of the ***Anders*** Brief and Application to Withdraw as Counsel, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional issues he may deem worthy

of merit. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements). Accordingly, counsel has satisfied the technical requirements of **Anders**.

Because appellate counsel has satisfied the above requirements, we will address the substantive issue raised in the **Anders** Brief and *Pro Se* Response. Appellant contends that the trial court failed to credit him for the thirty-three days he was incarcerated awaiting his September 19, 2018 **Gagnon II** hearing, *i.e.*, from August 17, 2018 to September 19, 2018. **Id.**; **Anders** Br. at 4; *Pro Se* Response. We disagree.

A challenge to the trial court's failure to award credit for time served prior to any type of sentencing is a challenge to the legality of a sentence. **Commonwealth v. Johnson**, 967 A.2d 1001, 1003 (Pa. Super. 2009). The question of whether a trial court imposed an illegal sentence is a question of law and, therefore, our review is *de novo*. **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013).

The Pennsylvania Sentencing Code provides that a trial court shall give a defendant credit for time spent incarcerated and states, in relevant part:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

- 4 -

Appellant contends that the court failed to give him credit for time served, from August 17, 2018 to September 19, 2018. Our review of the record, however, shows that the court granted Appellant one hundred ninety-one days' credit for time served, including the thirty-three days served from August 17, 2018 to September 19, 2018. Certificate of Imposition of Judgment of Sentence, Docket No. CP-23-CR-0005087-2017, dated 10/18/17; N.T. Hearing, 9/19/18, at 14-15. Because Appellant received credit for the time he spent incarcerated from August 17, 2018, to September 19, 2018, this issue has no merit.

However, our independent review reveals that Appellant's resentence may be illegal. Where, as in the instant case, the court revokes a defendant's parole and probation, the court has the same sentencing options available that existed at the time of the original sentencing. **Commonwealth v. Ware**, 737 A.2d 251, 254 (Pa. Super. 1999). Here, it appears that the terms of Appellant's resentence exceed the statutory maximum sentence available at the time of the original sentencing. **See** 18 Pa.C.S. § 1104(2) (stating the maximum sentence for Theft of Motor Vehicle); 35 P.S. § 780-113(g) (stating maximum sentence for Possession of Marijuana for Personal use). Accordingly, this issue has arguable merit.

Because our independent review of this appeal reveals the existence of an issue of arguable merit, we deny counsel's request to withdraw and we remand this case to the VOP court for counsel to address the legality of Appellant's sentence in a supplemental Pa.R.A.P. 1925(b) Statement within

30 days. The VOP court shall file a supplemental Rule 1925(a) opinion within 45 days from the filing of the supplemental Pa.R.A.P. 1925(b) Statement.

Case remanded. Application to Withdraw denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/24/19